E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931
     Facsimile: (213) 894-6269
     E-mail:    Monica.Tait@usdoj.gov
AMANDA N. LISKAMM
Director, Consumer Protection Branch
WEI XIANG
MEREDITH B. HEALY
AMY P. KAPLAN
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
     450 Fifth Street, NW, Suite 6400
     Washington, DC 20001
     Telephone: (202) 532-4140
     Facsimile: (202) 514-8742
     E-mail:    Wei.Xiang@usdoj.gov
                Meredith.B.Healy@usdoj.gov
                Amy.P.Kaplan@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>EDWARD COURDY (1),<br>LINDEN FELLERMAN (2),<br>JOHN BEEBE (7),<br>MICHAEL YOUNG (8),<br>LANCE JOHNSON (9),<br>JENNY SULLIVAN (10),<br>VERONICA CROSSWELL (11),<br>ERIC BAUER (12),<br>RANDY GRABEEL (13), and<br>DEBRA VOGEL (14),<br><br>            Defendants. | No. 2:23-cr-00200-MCS<br><br>[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND OTHER CONFIDENTIAL INFORMATION |

The Court has considered the government's Motion for Protective Order Regarding Discovery Containing Personal Identifying Information and Other Confidential Information, and FOR GOOD CAUSE SHOWN, the Court hereby FINDS AND ORDERS as follows:

1. The Indictment in this case was filed on April 27, 2023, charging 14 defendants with racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and 12 of those defendants additionally with wire fraud in violation of 18 U.S.C. § 1343.

2. According to the government, the government's full discovery disclosures in this case will total millions of documents, a significant number of which will be emails and financial records. The heart of the conspiracy alleged in the Indictment is the misuse of consumer-victims' personal information, particularly their names and bank account numbers. Among the discovery materials are numerous thousands of email communications among and between the defendants and others in which consumer-victim PII was sent, received, and/or discussed as a routine and regular practice. These include "lead list" spreadsheets each containing identifying and banking information for hundreds and thousands of prospective consumer-victims. In addition, the personal information of consumer-victims and potential consumer-victims appears throughout a vast amount of other records the government obtained, including bank records.

3. Moreover, according to the government, the discovery includes the personal information of both defendants and other uncharged members and associates of THE ENTERPRISE, including third-party signers who permitted THE ENTERPRISE to use bank accounts in their names and using their personal information. Finally, the

2

discovery includes substantial numbers of email addresses and names of third parties, including uncharged members and associates of THE ENTERPRISE.

4. A protective order for the discovery is necessary so that the government can produce to the defense materials containing third parties' PII. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners, particularly for crime victims who the Court shall ensure are treated with respect for their dignity and privacy. 18 U.S.C. § 3771(b)(1). Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce an unredacted set of discovery containing this information without this Court entering the Protective Order. Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

5. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). The Court finds that, to the extent that these

materials contain Privacy Act information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

    6.   A protective order is also necessary because the government intends to produce to counsel for all defendants materials regarding those defendants who made statements to law enforcement (each a "Statement Defendant" or "SD"). Because these materials could be used to identify the Statement Defendants and could lead to retaliation against them, the government believes that the unrestricted dissemination or distribution of the materials may expose them to potential safety risks.

    7.   The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

    8.   The terms of this Order, as proposed by the government, have been informed by discussions with some or all of the defense counsel on this matter. In proposing this Order, the government has compromised on certain provisions, taking into account specific facts and circumstances not applicable to other cases filed in this District, including the government's evaluation of the volume of the discovery materials and of the defendants and their counsels' circumstances. As a result, the government has here proposed provisions to which the government would not agree in other cases.

    9.   Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

1    a. As used herein, "PII Materials" includes any
2 information that can be used to identify a person, including a name,
3 address, date of birth, Social Security number, driver's license
4 number, telephone number, bank or other account number, email
5 address, or personal identification number.
6    b. As used herein, "SD Materials" includes any
7 information relating to a Statement Defendant's statement to law
8 enforcement, or any other information that could be used to connect
9 a Statement Defendant to a statement the defendant made to law
10 enforcement, such as a name, image, address, date of birth, or
11 unique personal identification number, such as a Social Security
12 number, driver's license number, account number, or telephone
13 number.
14    c. "Confidential Information" refers to any document or
15 information containing PII Materials or SD Materials that the
16 government produces to the defense pursuant to this Protective Order
17 and any copies thereof.
18    d. "Defense Team" includes (1) defendant's counsel of
19 record ("defense counsel"); (2) other attorneys who may be consulted
20 regarding case strategy in this case; (3) defense investigators who
21 are assisting defense counsel with this case; (4) retained experts
22 or potential experts; and (5) paralegals, legal assistants, and
23 other support staff to defense counsel who are providing assistance
24 on this case.  The Defense Team does not include any defendant,
25 defendant's family members, or any other associates of defendant.
26    e. The government is authorized to provide defense
27 counsel with Confidential Information marked with the following
28 legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE

ORDER." The government will mark SD Materials with the additional legend, "SD MATERIALS." The government may put the legend(s) on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information. Due to the volume and nature of the anticipated discovery materials and Confidential Information, if the government concludes that, for materials obtained from a particular source (such as one email account or one digital device), separation of materials that contain Confidential Information from those that do not is impractical, the government may treat the commingled materials as a set of Confidential Information.

   f. If defendant objects to a designation that material contains Confidential Information, the government and the Defense Team shall meet and confer. If the government and the Defense Team cannot reach an agreement regarding defendant's objection, defendant may apply to this Court to have the designation removed.

   g. Defendant and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

   h. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team, except that, if defense counsel redacts all PII Materials from specific Confidential Information, defendant may have possession of such specific Confidential Information. This proviso does not apply

to SD Materials.  To the extent defendant receives such redacted Confidential Information, defendant must maintain it at defendant's residence and shall not permit anyone else to have possession of it. Defense counsel must maintain a file copy of whatever is redacted and provided to defendant under this paragraph, so that it may be subject to review by the Court should any issue arise.

    i. Notwithstanding the above, defendant may see and review SD Materials only in the presence of the Defense Team (whether in-person or remotely), and the Defense Team shall ensure that defendant is never left alone with any SD Materials.  At the conclusion of any in-person meeting with defendant at which defendant is permitted to view SD Materials, defendant must return any SD Materials to the Defense Team, which shall take all such materials with counsel.  Defendant may not take any SD Materials out of the room in which defendant is meeting with the Defense Team.  If the meeting is conducted remotely, the Defense Team is permitted to allow defendant to view, using a video-conferencing platform or similar means of live communication, SD Materials under the direct control of the Defense Team.  Both defendant and the Defense Team shall ensure that no other person (except another member of the Defense Team) views or can view SD Materials transmitted remotely by the Defense Team to defendant.  The Defense Team is not permitted to transmit any SD Materials to defendant using email, mail, or other means of recorded communication that results in defendant having access to the SD Materials after the remote meeting.  Defendant may not record, retain, or transfer, nor permit any other person to record, retain, or transfer, any SD Materials so shown to defendant remotely by the Defense Team.  Except as permitted in paragraph

7

9(h), at no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

    j. Defendant may review PII Materials only in the presence of a member of the Defense Team (whether in-person or remotely), who shall ensure that defendant is never left alone with any PII Materials. At the conclusion of any in-person meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her. Defendant may not take any PII Materials out of the room in which defendant is meeting with the Defense Team. If the meeting is conducted remotely, the Defense Team is permitted to allow defendant to view, using a video-conferencing platform or similar means of live communication, PII Materials under the direct control of the Defense Team. Both defendant and the Defense Team shall ensure that no other person views or can view PII Materials transmitted remotely by the Defense Team to defendant. The Defense Team is not permitted to transmit any PII Materials to defendant using email, mail, or other means of recorded communication that results in defendant having access to the PII Materials after the remote meeting. Defendant may not record, retain, or transfer, nor permit any other person to record, retain, or transfer, any PII Materials so shown to defendant remotely by the Defense Team.

    k. Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time, except as permitted in paragraph 9(h).

Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

      l.    The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant. A member of the Defense Team must be present whenever any SD Materials are being shown to a witness or potential witness. A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

      m.    The Defense Team (and defendant, to the extent permitted by paragraph 9(h)) shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence. SD Materials shall not be left unattended in any vehicle.

      n.    To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in

whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

    o. The Defense Team (and defendant, to the extent permitted by paragraph 9(h)) shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court, the party seeking to file such information shall redact any PII Materials or SD Materials and make all reasonable attempts to limit the divulging of PII Materials or SD Materials.

    p. Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER" and (if applicable) "SD MATERIALS," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

    q. If any Confidential Information contains both SD Materials and another category of Confidential Information, the information shall be handled in accordance with the SD Materials provisions of this Protective Order.

r. Confidential Information shall not be used by any member of the Defense Team (and defendant, to the extent permitted by paragraph 9(h)), in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files (and defendant's possession, to the extent permitted by paragraph 9(h)) shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return SD Materials to the government or certify that such materials have been destroyed. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

s. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or

1  retaining pursuant to the California Business and Professions Code
2  and the California Rules of Professional Conduct all PII Materials;
3  and (2) returning to the government or certifying the destruction of
4  all SD Materials.
5         t.   Defense counsel shall advise defendant and all
6  members of the Defense Team of their obligations under the
7  Protective Order and ensure their agreement to follow the Protective
8  Order, prior to providing defendant and members of the Defense Team
9  with access to any materials subject to the Protective Order.
10       IT IS SO ORDERED.

_____     _____
 DATE                                HONORABLE MARK C. SCARSI
                                     UNITED STATES DISTRICT JUDGE

Presented by:

*Meredith B. Healy*
_____
MEREDITH B. HEALY
Trial Attorney