E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931
     Facsimile: (213) 894-6269
     E-mail:    Monica.Tait@usdoj.gov
AMANDA N. LISKAMM
Director, Consumer Protection Branch
WEI XIANG
MEREDITH B. HEALY
AMY P. KAPLAN
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
     450 Fifth Street, NW, Suite 6400
     Washington, DC 20001
     Telephone: (202) 532-4140
     Facsimile: (202) 514-8742
     E-mail:    Wei.Xiang@usdoj.gov
                Meredith.B.Healy@usdoj.gov
                Amy.P.Kaplan@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>EDWARD COURDY (1),<br>LINDEN FELLERMAN (2),<br>JOHN BEEBE (7),<br>MICHAEL YOUNG (8),<br>LANCE JOHNSON (9),<br>JENNY SULLIVAN (10),<br>VERONICA CROSSWELL (11),<br>ERIC BAUER (12),<br>RANDY GRABEEL (13), and<br>DEBRA VOGEL (14),<br><br>          Defendants. | No. 2:23-cr-00200-MCS<br><br><u>PROTECTIVE ORDER REGARDING</u><br><u>DISCOVERY CONTAINING PERSONAL</u><br><u>IDENTIFYING INFORMATION  AND OTHER</u><br><u>CONFIDENTIAL INFORMATION</u> |

The Court has considered the government's Motion for Protective Order Regarding Discovery Containing Personal Identifying Information and Other Confidential Information (Dkt. 159), including the protective order the government previously proposed (Dkt. 159-18), the oppositions of defendants GRABEEL (Dkt. 166) and FELLERMAN (Dkt. 170), the government's reply (Dkt. 171), and argument of counsel on July 10, 2023, and FOR GOOD CAUSE SHOWN, the Court hereby FINDS AND ORDERS as follows:

1. The Indictment in this case was filed on April 27, 2023, charging 14 defendants with racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and 12 of those defendants additionally with wire fraud in violation of 18 U.S.C. § 1343.

2. According to the government, the government's full discovery disclosures in this case will total millions of documents, a significant number of which will be emails and financial records. The heart of the conspiracy alleged in the Indictment is the misuse of consumer-victims' personal information, particularly their names and bank account numbers. Among the discovery materials are numerous thousands of email communications among and between the defendants and others in which consumer-victim PII was sent, received, and/or discussed as a routine and regular practice. These include "lead list" spreadsheets each containing identifying and banking information for hundreds and thousands of prospective consumer-victims. In addition, the personal information of consumer-victims and potential consumer-victims appears throughout a vast amount of other records the government obtained, including bank records.

///

3. Moreover, according to the government, the discovery includes the personal information of both defendants and other uncharged members and associates of THE ENTERPRISE, including third-party signers who permitted THE ENTERPRISE to use bank accounts in their names and using their personal information. Finally, the discovery includes substantial numbers of email addresses and names of third parties, including uncharged members and associates of THE ENTERPRISE.

4. A protective order for the discovery is necessary so that the government can produce to the defense materials containing third parties' PII. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners, particularly for crime victims who the Court shall ensure are treated with respect for their dignity and privacy. 18 U.S.C. § 3771(b)(1). Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce an unredacted set of discovery containing this information without this Court entering the Protective Order. Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

5. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act

Information"). The Court finds that, to the extent that these materials contain Privacy Act Information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

6. The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

7. Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

    a. As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, bank or other account number, email address, or personal identification number.

    b. "Confidential Information" refers to any document or information containing PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

    c. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts, including forensic accountants; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team also includes the Coordinating Discovery Attorney ("CDA") appointed

4

by the Court (Dkt. 167) and all support staff to, including information technology ("IT") employees and contractors of, the CDA assisting in the discharge of the CDA's duties.  The Defense Team does not include any defendant, defendant's family members, or any other associates of defendant.

   d. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put the legend(s) on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.  Due to the volume and nature of the anticipated discovery materials and Confidential Information, if the government concludes that, for materials obtained from a particular source (such as one email account or one digital device), separation of materials that contain Confidential Information from those that do not is impractical, the government may treat the commingled materials as a set of Confidential Information.

   e. If defendant objects to a designation that material contains Confidential Information, the government and the Defense Team shall meet and confer.  If the government and the Defense Team cannot reach an agreement regarding defendant's objection, defendant may apply to this Court to have the designation removed.

   f. Defendant and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

        g.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information.

        h.    Notwithstanding the above, defendant may see and review Confidential Information either in-person in the presence of a member of the Defense Team, or remotely, subject to the following procedures:

        i.    <u>In-Person</u>: At the conclusion of any in-person meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her. Defendant may not take any PII Materials out of the room in which defendant is meeting with the Defense Team.

        ii.    <u>Remotely</u>: The Defense Team may implement remote access by defendant to Confidential Information in the following manner: The Defense Team may host discovery materials containing Confidential Information through a platform (the "Discovery Database") that restricts access via log-in credentials and other security measures. Defense counsel is responsible to the Court for ensuring that access to the Discovery Database is restricted to only the Defense Team and defendant. Defense counsel shall also further cause defendant's access to the Discovery Database to be restricted to read-only access, with no ability to copy, download, print, record, or transmit any PII Materials through the Discovery Database platform. Both defendant and the Defense Team shall ensure that no other person views or can view PII Materials so made available to defendant. The Defense Team is not permitted to transmit any PII Materials to defendant using email, mail, or other means of recorded communication that results in defendant having access to the PII

Materials outside the Discovery Database.  Defendant may not record, retain, or transfer, nor permit any other person to record, retain, or transfer, any Confidential Information so viewed by defendant. Defendant is not permitted to share defendant's access credentials to the Discovery Database with any other person, nor may defendant allow any other person to use defendant's access credentials to the Discovery Database.  For any defendant whose release conditions prohibit possession of any identification, access device, or identification-related material not in defendant's legal or true name without prior permission, possession of Confidential Information via compliant access to the Discovery Database is not a violation.  Defendant's failure to safeguard remote access to Confidential Information is punishable by contempt of court, in addition to any other consequence.

   i. Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time, except as permitted in paragraph 7(h). Defendant also may not write down or memorialize any non-defendant PII, but may otherwise write notes related to Confidential Information within the Discovery Database, which notes defendant shall safeguard as Confidential Information under this Order.

   j. The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  A member of the Defense Team must be present, either in person or via videoconference, if PII Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness

7

must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

k.   The Defense Team (and defendant, to the extent permitted by paragraph 7(h)) shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

l.   To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

m.   The Defense Team (and defendant, to the extent permitted by paragraph 7(h)) shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the

Court, the party seeking to file such information shall redact any Confidential Information and make all reasonable attempts to limit the divulging of Confidential Information.

   n. Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

   o. Confidential Information shall not be used by any member of the Defense Team (and defendant, to the extent permitted by paragraph 7(h)), in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files (and defendant's possession, to the extent permitted by paragraph 7(h)) shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall: (a) disable defendant's access to any Discovery Database established pursuant to paragraph 7(h), and (b) return all PII Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

   p. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for disabling defendant's access to the Discovery Database and returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials.

   q. Defense counsel shall advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

July 26, 2023
DATE

HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Wei Xiang
WEI XIANG
Trial Attorney

10